# EXHIBIT D

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SOUTHERN GLAZER'S WINE & SPIRITS, LLC, and Does 1-20;

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
SCOTT CARNES,

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

NOV 13 2018

Sherri R. Carter, Executive Officer/Clerk
By: *M. Soto*, Deputy
Moses Soto

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Stanley Mosk Courthouse 111 North Hill Street, Los Angeles, CA 90012 | CASE NUMBER: *(Número del Caso)* **18STCV04631** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Susan Rubenstein, Esq, 535 Pacific Avenue, Suite 100, San Francisco, CA  94133  415.792.6522

DATE: November 12, 2018   NOV 13 2018
*(Fecha)*
SHERRI R. CARTER Clerk, by   M. Soto, Deputy
*(Secretario)*   *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Southern Glazer's Wine and Spirits, LLC
   under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):* CCP 17061 Limited Liability Company
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)
SUMMONS
Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

SUSAN RUBENSTEIN (State Bar #83762)
LAW OFFICES OF SUSAN RUBENSTEIN
535 Pacific Avenue, Suite 100
San Francisco, CA 94133
Telephone: (415) 792-6522 (415) 317-3454
Facsimile (415) 403-0202
Email: susan.rubensteinlaw@gmail.com

Attorneys for Plaintiff SCOTT CARNES

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

NOV 1 3 2018

Sherri R. Carter, Executive Officer/Clerk
By: _M. Soto_ , Deputy
Moses Soto

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR COUNTY OF LOS ANGELES

18STCV04631

| | |
|---|---|
| SCOTT CARNES, | Case No. |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| vs. | 1. Age Discrimination: Violation Of Government Code §12940 |
| SOUTHERN GLAZER's WINE AND SPIRITS, LLC, and DOES 1-20; | 2. Failure to Prevent Discrimination: Government Code §12940 |
| Defendants. | 3. Breach of the Covenant of Good Faith and Fair Dealing |
| | 4. Punitive Damages |
| | Amount in controversy exceeds $50,000 |
| / | JURY TRIAL DEMAND |

# By Fax

Plaintiff SCOTT CARNES, (hereinafter referred to as "CARNES" or "Plaintiff") an individual, alleges and complains against Defendant SOUTHERN GLAZER'S WINE AND SPIRITS, LLC, (hereinafter referred to as "SOUTHERN" or "Defendant"); and Does 1-20, inclusive, (hereinafter referred to as "Defendants") as follows:

## PARTIES

1.      Plaintiff SCOTT CARNES, at all times herein mentioned, is an adult male resident of the City of Ladera Ranch and County of Orange, located in the State of California. Plaintiff was 64 years old at the time he was terminated from his employment.

LAW OFFICES OF
SUSAN RUBENSTEIN
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CA 94104
(415) 434-9800

LAW OFFICES OF
SUSAN RUBENSTEIN
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CA 94104
(415) 434-9800

2.      Defendant SOUTHERN is North America's largest wine and spirits distributorship in the country, with operations in 44 U.S. states, the District of Columbia, Canada and the Caribbean. SOUTHERN is headquartered in Miami, Florida. It employs in excess of 20,000 employees worldwide. SOUTHERN operates a main place of business in Los Angeles, California, where Plaintiff worked for over 35 years.  At all times herein mentioned, Defendants SOUTHERN, and Does 1-20, inclusive, have operated a for-profit sales, delivery and merchandising distribution company in the City and County of Los Angeles.

3.      The true names and capacities of Defendants named herein as Does 1 through 20, inclusive, whether individual, corporate, board members, associate or otherwise are unknown to Plaintiff, who therefore sues such Defendants by fictitious names pursuant to California Code of Civil Procedure §474.  Plaintiff will amend this Complaint to identify such true names and capacities of Does 1 through 20, inclusive, when they have been determined.

4.      Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, each of the DEFENDANTS was acting as the partner, agent, servant, and employee of each of the remaining DEFENDANTS, and in doing the things alleged herein, was acting within the course and scope of such agency and with the knowledge of the remaining DEFENDANTS.

5.      The claims and amount in controversy satisfy the jurisdictional limit for an unlimited civil case under the California Code of Civil Procedure.

6.      Venue is proper in the City and County of Los Angeles in accordance with the California Code of Civil Procedure and the local rules of Los Angeles County because Plaintiff worked for defendants in this City and County and Defendant has a principal place of business in the City and County of Los Angeles.

7.      Plaintiff has filed a Complaint of Discrimination based on age with the State of California Department of Fair Employment and Housing against SOUTHERN GLAZER WINE AND SPIRITS, LLC within the applicable statutory period.  The Department has issued a Notice of Right to Sue to Plaintiff on August 31, 2018.  Plaintiff has filed this Complaint within one year from the date of the issuance of the Notice of Right to Sue. Plaintiff has personally served such

1   Notice on Defendant and Defendant's counsel in accordance with the law.

2

3   <u>FACTS COMMON TO ALL CAUSES OF ACTION</u>

4       8.    Plaintiff incorporates by reference the allegations set forth in the preceding

5   paragraphs.

6       9.    Plaintiff CARNES was a full time employee of Defendant SOUTHERN from July

7   5, 1983, until June 1, 2018.  He worked for Defendant in Los Angeles, California throughout the

8   entire duration of his employment.

9       10.    Plaintiff was initially hired by SOUTHERN in 1983 as a "Merchandiser." Plaintiff

10   was consistently promoted over the years, and ultimately became a Senior Account Executive in

11   the Chains Division. At the time of his abrupt termination, CARNES was handling the BevMo

12   account in Southern California, which involved overseeing approximately 80 BevMo stores

13   extending from Bakersfield to the Mexican border. The Chains Division occupies 65-70% of the

14   Southern California business ($2.7 billion) and BevMo is the third largest Chain account, behind

15   only Costco and Safeway/Vons Stores.

16       11.    Plaintiff, as one of the oldest and most senior employees within SOUTHERN, had

17   a notable history with Defendants with many accomplishments. CARNES consistently performed

18   the obligations of his job with a very high-quality work ethic which added great value to

19   SOUTHERN over the decades he worked for them. SOUTHERN has greatly benefitted from the

20   extensive contributions Plaintiff made to the company.

21       12.    CARNES was named Account Executive of the year on several occasions, and

22   throughout his tenure, was the recipient of many rewards honoring his years of superb and loyal

23   service to the company. CARNES was recognized by his managers and all who worked alongside

24   him as a highly valued, respected and trusted employee. He received stellar performance

25   evaluations each year that they were given, and he never received criticism of his work for any

26   reason. In the more than thirty-five years that CARNES worked for SOUTHERN, he was also

27   never disciplined. CARNES' employment record is near perfect and no internal or external

28   complaints have been made against him for any reason whatsoever. The company awarded

LAW OFFICES OF
SUSAN RUBENSTEIN
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CA 94104
(415) 434-9800

1  CARNES with a Rolex watch, Tiffany sterling silver engraved platter, and other expensive gifts

2  as tokens of appreciation for his decades of hard work.

3      13.    CARNES' background, dedication and experience and his many noteworthy

4  contributions to SOUTHERN have greatly enhanced the financial growth of the company.

5  Plaintiff's consistent high quality of work throughout his many years of employment has added

6  significant monetary value to the company. For example, CARNES contributed substantially to

7  SOUTHERN'S sales efforts to BevMo, which went from $78 million in 2005 to $185 million in

8  2017. In the dozens of years of his employment, Plaintiff generated revenues which likely

9  exceeded $1 billion dollars.

10     14.    CARNES' job duties and responsibilities with SOUTHERN were extensive, and

11  included a comprehensive array of projects. For example, CARNES was responsible for sales,

12  managing and marketing literally thousands of brands of liquor to one of the largest chain stores

13  in the country. He worked directly with the managers of 80 stores, offering excellent customer

14  service and meeting customer needs at all times. He was responsible for meeting the needs of not

15  only his customers, but of the suppliers and his employer, SOUTHERN. His responsibilities

16  included, but were not limited to: supporting sales and merchandising efforts, analyzing

17  competition's business, marketing SOUTHERN'S product offerings, and meeting customer's and

18  suppliers' needs, among many other things.

19     15.    For the entire duration of his employment at SOUTHERN, Plaintiff received

20  stellar performance appraisals from each of his supervisors, including members of top senior

21  executive management. For example, one of his bosses noted that CARNES "...*takes personal*

22  *accountability for getting work done; takes pride in the quality of his own work; does what is*

23  *right, not what is easy; takes initiative; pays attention to details; meets responsible deadlines and*

24  *keeps up with a fast-paced work environment; displays a positive 'can-do attitude; and has a*

25  *sense of urgency.*" CARNES' evaluations included accolades such as, "*Scott uses every*

26  *customer interaction as an opportunity to exceed customer expectations...[He]takes personal*

27  *accountability for results; sets specific and difficult goals; monitors progress towards those*

28  *goals; sees action items through to completion; seldom lets obstacles get in the way; promptly*

LAW OFFICES OF
SUSAN RUBENSTEIN
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CA 94104
(415) 434-9800

Page 4

COMPLAINT FOR DAMAGES

LAW OFFICES OF
SUSAN RUBENSTEIN
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CA 94104
(415) 434-9800

*responds to requests/issues; and is willing to ask others for help to achieve goals....[He] sets S.M.A.R.T. goals; seeks out win-win-win (supplier, SWS, and customer) solutions; proactively looks for opportunities; follows a disciplined sales process; sells product benefits, not just price; uses effective closing techniques; and leverages the expertise of others to meet customer needs. Scott analyzes the competition's business and makes a logical, fact-based business case for why the customer should purchase SWS products and programs..."*

16.     CARNES worked tirelessly for SOUTHERN, routinely clocking 50 hours per week. CARNES was driven by his work and remained dedicated and committed to the success of the company, which led not only to long hours of work on a routine basis, but also caused him to cancel family vacations and delay his own needed medical treatment. In exchange for his labor and loyalty, CARNES was promised by a Vice President of the Chains Division that he "could have a job at Southern as long as he wanted to work there."

17.     On June 4, 2018, CARNES was abruptly terminated without notice or legal cause. The promise given to him that he would have a job for as long as he wanted was obviously broken. Shocked and devastated, CARNES was fired by a Human Resources representative who advised him that he was being "let go as part of a lay-off to down-size the company" and that his "position was being dissolved."

18.     At or near this precise time period, the CEO of SOUTHERN publicly claimed that "SOUTHERN was growing." In addition, in this time period, SOUTHERN was in expansion mode in terms of both acquiring other companies in a new state (a distributorship in Oklahoma), in addition to adding headcount. Most important, SOUTHERN assigned two much younger employees with less experience and tenure to take over Plaintiff's job. CARNES' position was never dissolved even though that was what he was told by SOUTHERN. BevMo's executives expressed "shock" and "extreme disappointment" at SOUTHERN'S decision to terminate CARNES.

19.     At or shortly following CARNES' termination, SOUTHERN replaced him with individuals substantially younger than Plaintiff to replace Plaintiff and to perform the same duties Plaintiff was performing at BevMo and for which he was highly praised while working at

SOUTHERN. Also, at or near the time Plaintiff was terminated, SOUTHERN terminated a number of older aged employees from their jobs.

20.     During the entire duration of Plaintiff's career, he was never subject to any criticism, discipline or performance improvement plan. His work was consistently valued and respected. Everyone enjoyed working with him. In one of his performance appraisals, his supervisor noted that "*Scott is willing to assist and work cooperatively with co-workers; he displays trust, respect and appreciation for the individual talents, differences and abilities of others regardless of cultural or demographic differences; considers impact of his own work on others; collaborates with others; considers team needs before his own; and shows respect for others.*" Plaintiff was never disciplined for any reason, in fact to the contrary, he and his work were used by SOUTHERN to set the bar and standard for excellence.

21.     CARNES' abrupt termination caused him to sustain significant losses in income, including wages, bonus, and other benefits which he and his family came to rely upon for the years he dutifully and tirelessly worked for SOUTHERN.

22.     At or near the date of CARNES' termination, other older-aged employees were also terminated without cause. Of the approximately 31 employees who were terminated in or around the same time as Plaintiff, 25 of the employees were older aged workers, well within the "protected age group." These workers, many of them long-term, were terminated while younger, less experienced and less expensive employees stayed on. Contrary to the representation made by SOUTHERN'S Human Resources representative, there was no real lay-off or reduction in force taking place at or near the time Plaintiff was terminated. Plaintiff's boss admitted to having not heard about any lay-off. Significantly, Plaintiff's job was not "dissolved."

23.     The reasons given to CARNES for his termination were completely false, and were a pretext to hide the true reason for the termination – his age and the fact that his compensation was higher than his younger counterparts. Moreover, Plaintiff was provided with dishonest reasons to cover up the fact that SOUTHERN was terminating him due to his age.

24.     On previous occasions, CARNES and other older-aged employees were singled out by members of SOUTHERN'S management and asked if they would agree to "retire early."

LAW OFFICES OF
SUSAN RUBENSTEIN
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CA  94104
(415) 434-9800

Members of HR, at the direction of executive management, targeted employees in their 50's and 60's and offered them a "package" if they agreed to leave the company, irrespective of whether any of these employees requested an early retirement package. Plaintiff was offered a "package" in exchange for leaving the company even though he never requested early retirement. The so-called "package" offered to him by SOUTHERN was *not* generous and would not have provided Plaintiff with a livable wage. Plaintiff declined the package, and thereafter was targeted due exclusively to his age.

25.     The conduct of Defendants has been horribly disruptive to Plaintiff's life and has caused Plaintiff to suffer much distress and substantial loss. Plaintiff advised a member of SOUTHERN'S executive management at the time he was terminated that he has a disabled son who requires special schooling and on-going, costly medical care. CARNES also advised this SOUTHERN executive, Steve Hardin, that his family would suffer great hardship as a result of his being terminated because he was the sole wage earner in the family. CARNES specifically advised Hardin that as a consequence of his termination he would not be able to meet the expenses required for his son's care and he would have no choice but to put the family home on the market if he lost his job. Mr. Hardin stated to CARNES, *"We thought you were older."*

26.     Based on the foregoing, Plaintiff has suffered and continues to suffer significant emotional distress.

### FIRST CAUSE OF ACTION
**(Age Discrimination: Violation of Government Code §12940 *et seq.*)**

27.     Plaintiff incorporates by reference as though fully set forth herein, each and every allegation contained in the foregoing paragraphs. Plaintiff alleges for a First Cause of Action against Defendants as follows:

28.     At all times herein mentioned, California's Fair Employment and Housing Act ("FEHA"), California Government Code §12940 *et seq.*, was in full force and effect and fully binding upon Defendants. Plaintiff was a member of a group protected by that statute, in particular Section 12940(a), prohibiting discrimination in employment based on age. Plaintiff was age 64 at the time of his termination.

COMPLAINT FOR DAMAGES

LAW OFFICES OF
SUSAN RUBENSTEIN
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CA 94104
(415) 434-9800

29.     The above conduct by Plaintiff's supervisors was unwelcome, not necessary for carrying out the duties of Plaintiff's job, and was directed toward Plaintiff based on his age. The above conduct was part of an ongoing and continuing pattern of conduct.

30.     Age was a substantial factor in SOUTHERN'S decision to terminate Plaintiff. Accordingly, the termination of Plaintiff's employment constitutes discrimination based on age and violates Government Code §12940(a). The age discrimination is of two kinds, disparate treatment and disparate impact. Terminating employees based on their higher level of compensation or their perceived or anticipated medical expenses to the company has a disparate impact on older workers.

31.     As a direct, foreseeable and proximate result of SOUTHERN'S unlawful actions, Plaintiff CARNES has suffered and continues to suffer substantial losses in earnings and other employment benefits and has incurred other substantial economic losses.

32.     As a further direct, foreseeable and proximate result of DEFENDANTS' unlawful actions, Plaintiff has suffered emotional distress, humiliation, shame, and embarrassment all to the Plaintiff's damage in an amount to be proven at the time of trial according to proof.

33.     DEFENDANTS committed the acts herein despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights to be free from discrimination on the basis of his age. Plaintiff is thus entitled to recover punitive damages from DEFENDANTS in an amount to be proven at the time of trial according to proof.

## SECOND CAUSE OF ACTION
**(Failure To Prevent Discrimination, Violation of Government Code §12940, *et seq.*)**

34.     Plaintiff CARNES incorporates by reference as though fully set forth herein, each and every allegation contained in paragraphs 1-33, above. Plaintiff alleges for a Second Cause of Action against Defendants as follows:

35.     In violation of the FEHA, Defendants failed to take all reasonable steps necessary to prevent age discrimination against its employees.

LAW OFFICES OF
SUSAN RUBENSTEIN
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CA 94104
(415) 434-9800

36.     In perpetuating the above-described conduct, Defendants, and each of them, engaged in a pattern, practice, policy and custom of unlawful age discrimination. Said conduct on the part of DEFENDANTS, and each of them, constituted a policy, practice, tradition, custom and usage which denied Plaintiff CARNES protection of the civil rights laws enumerated herein.

37.     Plaintiff had fully performed his obligations to SOUTHERN and resisted company pressure to retire from his employment early simply due to his age. CARNES advised his supervisors that he had no interest in retiring, and at all relevant times time periods, Defendants, and each of them failed to make an adequate response into the conduct of Defendants and the aforesaid policy and practice, and thereby established a policy, custom, practice or usage within the company which Defendants condoned, encouraged, tolerated, sanctioned, ratified, approved of, and or acquiesced in unlawful age discrimination toward employees of Defendants, including, but not limited to Plaintiff.

38.     Defendants were put on actual and constructive notice that age discrimination was occurring. Despite this actual and constructive notice, SOUTHERN failed to take all reasonable steps to prevent age discrimination. In fact following Plaintiff's decline of the early retirement package, he was advised that he was going to be subject to a lay-off.

39.     The failure of Defendants, and each of them, to take the above-mentioned reasonable steps to prevent age discrimination, constituted deliberate indifference to the rights of employees, including but not limited to Plaintiff CARNES. The failure of defendants to take reasonable steps was a substantial factor in subsequent acts of age discrimination experienced by CARNES.

40.     The above discriminatory conduct violates California's FEHA, Cal Gov't. Code §12940 *et seq.* and accordingly, Plaintiff CARNES is entitled to recover all categories of damages, including exemplary or punitive damages. Moreover, by reason of the Defendants' conduct, and each of them as alleged herein, Plaintiff CARNES has necessarily retained the services of an attorney to prosecute the herein action. PLAINTIFF is therefore entitled to recover reasonable attorney's fees and litigation expenses incurred in bringing the within action.

41.     As a direct, foreseeable and proximate result of SOUTHERN'S unlawful actions,

LAW OFFICES OF
SUSAN RUBENSTEIN
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CA 94104
(415) 434-9800

1   Plaintiff CARNES has suffered and continues to suffer substantial losses in earnings and other

2   employment benefits and has incurred other substantial economic losses.

3        42.    As a further direct, foreseeable and proximate result of Defendants' unlawful

4   actions, Plaintiff CARNES has suffered emotional distress, humiliation, shame, and

5   embarrassment all to Plaintiff's damage in an amount to be proven at the time of trial according

6   to proof.

7        43.    SOUTHERN committed the acts herein despicably, maliciously, fraudulently, and

8   oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive

9   amounting to malice, and in conscious disregard of Plaintiff's rights to be free from

10  discrimination on the basis of age. PLAINTIFF is thus entitled to recover punitive damages from

11  DEFENDANTS in amount to be proven at the time of trial according to proof.

12

13                          **THIRD CAUSE OF ACTION**

14           **(Breach of the Covenant of Good Faith and Fair Dealing)**

15       44.    Plaintiff incorporates by reference as though fully set forth herein, each and every

16  allegation contained in paragraphs 1-33 and 35-39 and 41. Plaintiff alleges for a Third Cause of

17  Action against Defendants as follows:

18       45.    Plaintiff fully performed his obligations and duties to SOUTHERN including,

19  without limitation, every term and condition of the total employment agreement between the

20  parties, whether in writing, oral, or implied.

21       46.    Through the conduct alleged above, SOUTHERN and DOES 1-20, inclusive, have

22  breached their contractual obligations to Plaintiff, including their obligations of good faith and

23  fair dealing, by, *inter alia,* terminating Plaintiff and denying him the full benefit of his

24  employment agreement, specifically the opportunity to receive certain fringe benefits.

25       47.    As a direct, foreseeable and proximate result of Defendants' intentional and

26  ongoing breaches and other unlawful actions, Plaintiff has suffered damages, and will continue to

27  suffer substantial losses in earnings and other employment benefits and has incurred other

28  substantial economic losses in an amount to be proven at the time of trial according to proof.

LAW OFFICES OF
SUSAN RUBENSTEIN
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CA 94104
(415) 434-9800

## PUNITIVE DAMAGES

48.     Defendants' actions as set forth in the First and Second Causes of Action were carried out with a conscious disregard of Plaintiff's rights and with the intent to vex, injure or annoy Plaintiff, such as to constitute oppression, fraud or malice under California Civil Code §3294; entitling Plaintiff to recover exemplary or punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF CARNES prays for judgment against DEFENDANTS, severally and individually, granting the following relief:

(1)     For compensatory damages, including but not limited to, lost back pay (including, but not limited to, salary and bonus compensation), lost fringe benefits, future lost earnings, including salary and bonus wages, and future lost fringe benefits, including medical and 401K employer contributions;.

(2)     For emotional distress damages dating from the date of Plaintiff's termination to the present;

(3)     For legal interest, on all damages, according to proof at the time of trial and as allowed by law;

(4)     For punitive damages as allowed by law under the First and Second Causes of Action;

(5)     For an award to PLAINTIFF of costs of suit incurred herein and reasonable attorneys' fees;

(6)     For an award to PLAINTIFF of such other and further relief as the Court deems just and proper.

LAW OFFICES OF
SUSAN RUBENSTEIN
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CA 94104
(415) 434-9800

DATED:  November 9, 2018

LAW OFFICES OF SUSAN RUBENSTEIN

SUSAN RUBENSTEIN
Attorneys for Plaintiff
SCOTT CARNES

PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY

LAW OFFICES OF SUSAN RUBENSTEIN

SUSAN RUBENSTEIN
Attorneys for Plaintiff
SCOTT CARNES

LAW OFFICES OF
SUSAN RUBENSTEIN
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CA  94104
(415) 434-9800

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Susan Rubenstein, # 83762<br>Law Offices of Susan Rubenstein<br><br>TELEPHONE NO.: 415.792.6522      FAX NO.: 415.403.0202<br>ATTORNEY FOR *(Name):* Plaintiff, SCOTT CARNES | **CONFORMED COPY<br>ORIGINAL FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>NOV 13 2018<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By: _M. Soto_, Deputy<br>Moses Soto |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES
STREET ADDRESS: Stanley Mosk Courthouse
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, CA  90012
BRANCH NAME: Civil Superior

CASE NAME:
CARNES VS. SOUTHERN GLAZER WINE & SPIRITS

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER 18STCV04631 |
|---|---|---|
| [✓] Unlimited    [ ] Limited<br>(Amount          (Amount<br>demanded       demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

**By Fax**

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[✓] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
   issues that will be time-consuming to resolve      in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a.[✓] monetary   b.[ ] nonmonetary; declaratory or injunctive relief   c.[✓] punitive
4. Number of causes of action *(specify):* 4
5. This case [ ] is  [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 12, 2018
SUSAN RUBENSTEIN, ESQ.
_____(TYPE OR PRINT NAME)_____        _____(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)_____

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]
**CIVIL CASE COVER SHEET**
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

| SHORT TITLE: CARNES VS. SOUTHERN | CASE NUMBER. 18STCV04631 |
|---|---|



# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: CARNES VS, SOUTHERN | | CASE NUMBER | |
|---|---|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☒ A6005 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034 Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation   Number of parcels____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032 Quiet Title | 2, 6 |
| | | ☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2, 6, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

| SHORT TITLE: CARNES VS. SOUTHERN | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

| SHORT TITLE: CARNES VS. SOUTHERN | CASE NUMBER |
|---|---|

**Step 4:** **Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br>☐ 1. ☐ 2. ☒ 3. ☐ 4. ☒ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS:<br>17101 Valley View |
|---|---|
| CITY:<br>Cerritos | STATE:<br>CA | ZIP CODE:<br>90703 |

**Step 5:** **Certification of Assignment:** I certify that this case is properly filed in the __Central__ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: __November 12, 2018__

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>11/13/2018<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ Moses Soto _____, Deputy |
| NOTICE OF CASE ASSIGNMENT<br><br>UNLIMITED CIVIL CASE | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>18STCV04631 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Michelle Williams Court | 74 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 11/13/2018 _____
   (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By Moses Soto _____, Deputy Clerk

LACIV 190 (Rev 6/18)      **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name):    FAX NO. (Optional): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

      i.   File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii.  Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

      i.   Also be filed on the approved form (copy attached);

      ii.  Include a brief summary of why the requested relief should be denied;

---

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 1 of 3

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

   iii.   Be filed within two (2) court days of receipt of the Request; and

   iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4. If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5. The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

   It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6. Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7. Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____     ➤     _____
(TYPE OR PRINT NAME)                                          (ATTORNEY FOR PLAINTIFF)

Date: _____

_____     ➤     _____
(TYPE OR PRINT NAME)                                          (ATTORNEY FOR DEFENDANT)

Date: _____

_____     ➤     _____
(TYPE OR PRINT NAME)                                          (ATTORNEY FOR DEFENDANT)

Date: _____

_____     ➤     _____
(TYPE OR PRINT NAME)                                          (ATTORNEY FOR DEFENDANT)

Date: _____

_____     ➤     (ATTORNEY FOR _____)
(TYPE OR PRINT NAME)

Date: _____

_____     ➤     (ATTORNEY FOR _____)
(TYPE OR PRINT NAME)

Date: _____

_____     ➤     (ATTORNEY FOR _____)
(TYPE OR PRINT NAME)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:  
E-MAIL ADDRESS (Optional):  
ATTORNEY FOR (Name):  

FAX NO. (Optional):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

LACIV 229 (Rev 02/15)  
LASC Approved 04/11  
For Optional Use

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
   (INSERT DATE)                                    (INSERT DATE)
   complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          >    _____
(TYPE OR PRINT NAME)                            (ATTORNEY FOR PLAINTIFF)
Date:

_____          >    _____
(TYPE OR PRINT NAME)                            (ATTORNEY FOR DEFENDANT)
Date:

_____          >    _____
(TYPE OR PRINT NAME)                            (ATTORNEY FOR DEFENDANT)
Date:

_____          >    _____
(TYPE OR PRINT NAME)                            (ATTORNEY FOR DEFENDANT)
Date:

_____          >    _____
(TYPE OR PRINT NAME)                            (ATTORNEY FOR _____ )
Date:

_____          >    _____
(TYPE OR PRINT NAME)                            (ATTORNEY FOR _____ )
Date:

_____          >    _____
(TYPE OR PRINT NAME)                            (ATTORNEY FOR _____ )

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INFORMAL DISCOVERY CONFERENCE <br> (pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   - ☐ Request for Informal Discovery Conference
   - ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)



| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

| COURTHOUSE ADDRESS: |
|---|
| PLAINTIFF: |
| DEFENDANT: |

| STIPULATION AND ORDER -- MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|

**The following parties stipulate:**

Date:

_____     ➢ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR PLAINTIFF)

Date:

_____     ➢ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)

Date:

_____     ➢ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)

Date:

_____     ➢ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)

Date:

_____     ➢ (ATTORNEY FOR _____)
(TYPE OR PRINT NAME)

Date:

_____     ➢ (ATTORNEY FOR _____)
(TYPE OR PRINT NAME)

Date:

_____     ➢ (ATTORNEY FOR _____)
(TYPE OR PRINT NAME)

**THE COURT SO ORDERS.**

Date: _____     _____
                                                       JUDICIAL OFFICER

# Superior Court of California
# County of Los Angeles



# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKET

The person who files a civil lawsuit (plaintiff) must include the ADR information Packet with the complaint when serving the defendant. Cross-complainants must serve the ADR Information Packet on any new parties named to the action together with the cross-complaint.

There are a number of ways to resolve civil disputes without having to sue someone. These alternatives to a lawsuit are known as alternative dispute resolution (ADR).

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediations, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help resolve disputes without having to go to court.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

**Advantages of ADR**
- Often faster than going to trial
- Often less expensive, saving the litigants court costs, attorney's fees and expert fees.
- May permit more participation, allowing parties to have more control over the outcome.
- Allows for flexibility in choice of ADR processes and resolution of the dispute.
- Fosters cooperation by allowing parties to work together with the neutral to resolve the dispute and mutually agree to remedy.
- There are fewer, if any, court appearances. Because ADR can be faster and save money, it can reduce stress.

**Disadvantages of ADR** - ADR may not be suitable for every dispute.
- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.
- ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.
- The neutral may charge a fee for his or her services.
- If the dispute is not resolved through ADR, the parties may then have to face the usual and traditional costs of trial, such as attorney's fees and expert fees.

**The Most Common Types of ADR**

- Mediation

  In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the parties, rather than the mediator, decide how the dispute is to be resolved.

  - **Mediation is particularly effective when the parties have a continuing relationship, like neighbors or business people. Mediation is also very effective where personal feelings are getting in the way of a resolution.** This is because mediation normally gives the parties a chance to express their feelings and find out how the other sees things.

  - **Mediation may not be effective when one party is unwilling to cooperate or compromise or when one of the parties has a significant advantage in power over the other.** Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

- **Arbitration**

  In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is typically less formal than a trial, and the rules of evidence may be relaxed. Arbitration may be either "binding" or "non-binding." Binding arbitration means the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Non-binding arbitration means that the parties are free to request a trial if they reject the arbitrator's decision.

  Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

- **Mandatory Settlement Conference (MSC)**

  **Settlement Conferences are appropriate in any case where settlement is an option.** Mandatory Settlement Conferences are ordered by the Court and are often held near the date a case is set for trial. The parties and their attorneys meet with a judge who devotes his or her time exclusively to preside over the MSC. The judge does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.

  The Los Angeles Superior Court Mandatory Settlement Conference (MSC) program is free of charge and staffed by experienced sitting civil judges who devote their time exclusively to presiding over MSCs. The judges participating in the judicial MSC program and their locations are identified in the List of Settlement Officers found on the Los Angeles Superior Court website at http://www.lacourt.org/. This program is available in general jurisdiction cases with represented parties from independent calendar (IC) and Central Civil West (CCW) courtrooms. In addition, on an ad hoc basis, personal injury cases may be referred to the program on the eve of trial by the personal injury master calendar courts in the Stanley Mosk Courthouse or the asbestos calendar court in CCW.

  In order to access the Los Angeles Superior Court MSC Program the judge in the IC courtroom, the CCW Courtroom or the personal injury master calendar courtroom must refer the parties to the program.  Further, all parties must complete the information requested in the Settlement Conference Intake Form and email the completed form to mscdept18@lacourt.org.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

## Additional Information

To locate a dispute resolution program or neutral in your community:

- Contact the California Department of Consumer Affairs (www.dca.ca.gov) Consumer Information Center toll free at 800-952-5210, or;
- Contact the local bar association (http://www.lacba.org/) or;
- Look in a telephone directory or search online for "mediators; or "arbitrators."

There may be a charge for services provided by private arbitrators and mediators.

A list of approved State Bar Approved Mandatory Fee Arbitration programs is available at http://calbar.ca.gov/Attorneys/MemberServices/FeeArbitration/ApprovedPrograms.aspx#19

To request information about, or assistance with, dispute resolution, call the number listed below. Or you may call a Contract Provider agency directly. A list of current Contract Provider agencies in Los Angeles County is available at the link below.

http://css.lacounty.gov/programs/dispute-resolution-program-drp/

County of Los Angeles Dispute Resolution Program
3175 West 6th Street, Room 406
Los Angeles, CA 90020-1798
TEL: (213) 738-2621
FAX: (213) 386-3995

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221